United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS RUIZPAZ,
         Petitioner,

v.

(WARDEN) SOLANO C. S. P.,
         Respondent.

Case No. 22-cv-05973-JD

**ORDER LIFTING STAY; REOPENING CASE; AND FOR RESPONDENT TO SHOW CAUSE**

Carlos Ruizpaz, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). The petition was stayed so petitioner could exhaust further claims. Petitioner filed an amended petition and requests that the stay be lifted.

**BACKGROUND**

A jury found petitioner guilty of first-degree murder. *People v. Ruizpaz*, No. H044593, 2021 WL 2619692, at *1 (Cal. Ct. App. June 25, 2021). Petitioner was sentenced to a prison term of life without the possibility of parole. *Id*. The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Dkt. No. 22 at 7.

This case was stayed for the California Supreme Court to issue a ruling in *People v. Hardin*, S277487, which contained similar issues. The California Supreme Court ruled in *Hardin* and petitioner subsequently filed a habeas petition with the California Supreme Court that was recently denied (Case No. S284270). Petitioner states that all claims in this petition are exhausted. Dkt. No. 22 at 12.

**DISCUSSION**

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) trial and appellate counsel were ineffective; (2) the trial court erred in admitting evidence of his prior juvenile adjudication; (3) California Penal Code section 3051(h) violates the Equal Protection Clause; and (4) there was insufficient evidence to corroborate the accomplice testimony to support his conviction and the relevant California Penal Code sections for accomplice testimony are unconstitutional. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1.  The request to lift the stay is granted and this case is reopened.

2.  The Clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at SFAWTParalegals@doj.ca.gov. The Clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 22).

3.  Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 29, 2024

JAMES DONATO
United States District Judge