UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RUIZPAZ,<br><br>    Petitioner,<br><br>v.<br><br>(WARDEN) SOLANO C. S. P.,<br><br>    Respondent. | Case No. 22-cv-05973-NW<br><br>**ORDER GRANTING RESPONDENT'S UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: ECF No. 28 |

Petitioner Carlos Ruizpaz seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction from Santa Clara County Superior Court. Currently before the Court for decision is Respondent's motion to dismiss the petition pursuant to the doctrine of abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), on the basis that Ruizpaz's criminal case is currently pending in the California Supreme Court. ECF No. 28. Ruizpaz, who does not dispute that his criminal case is still pending in the California Supreme Court, filed a statement of non-opposition to the motion to dismiss and requests that the Court dismiss the petition without prejudice on March 24, 2025. ECF No. 31. For the reasons outlined below, the Court **GRANTS** the motion to dismiss without prejudice to refiling after Ruizpaz's criminal proceedings conclude in the state courts.

I.    **BACKGROUND**

In 2016, Ruizpaz was convicted in Santa Clara County Superior Court of first-degree murder (Cal. Pen. Code § 187) with a gang enhancement (Cal. Pen. Code § 186.22(b)(1)(C)), a firearm enhancement (Cal. Pen. Code § 12022.53(d)), and a finding of gang special circumstances (Cal. Pen. Code § 190.2(a)(22)).

On October 11, 2022, Ruizpaz filed the instant federal habeas petition in this Court, after

his case was remanded back to the trial court by the California Court of Appeal to reduce the restitution fine and strike the gang enhancement, and to consider striking the firearm enhancement. *See* ECF No. 1; ECF No. 28 at 1–2.

On March 13, 2023, Ruizpaz filed a motion to stay his case so he could exhaust additional claims in state court. ECF No. 13. The Court (Donato, J.) stayed the case so Ruizpaz could exhaust additional claims and the matter was subsequently reopened at Ruizpaz's request on August 29, 2024. ECF No. 23.

In the meantime, pursuant to the California Court of Appeal's remand for resentencing, the trial court struck the gang enhancement (Cal. Pen. Code § 186.22(b)(1)(C)) but declined to exercise its discretion to strike the gang firearm enhancement (Cal. Pen. Code § 12022.53(d)). ECF No. 28, Ex. C at 1.

On September 18, 2024, the California Court of Appeal found that the trial court erred in declining to consider a new state law and once again remanded the matter. *Id.* The California Supreme Court granted review of the case on December 11, 2024, where it is currently pending decision. ECF No. 28, Ex. E.

## II. DISCUSSION

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *Younger*, 401 U.S. at 43–54. The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983) (no exhaustion where criminal appeal was pending in state court at the time habeas petition was filed challenging the underlying criminal proceedings); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (holding that even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending for purposes of *Younger*). These concerns are important in the habeas context because the pending

state action might result in relief that moots the federal case. *Sherwood*, 716 F.2d at 634.

Absent extraordinary circumstances *Younger* abstention is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the state proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008), abrogated on other grounds by *Sprint*, 571 U.S. 69.

Here, Ruizpaz's case meets all four factors. First, the judgment in his criminal case is "plainly ongoing" because the matter is pending in the California Supreme Court and no final judgment has been entered. *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019); *Sherwood*, 716 F.2d at 634. Ruizpaz's ongoing criminal proceedings implicate important state interests, namely "the State['s] interest in administering [its] criminal justice system free from federal interference." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *see Younger*, 401 U.S. at 46 (noting the "fundamental policy against federal interference with state criminal prosecutions"). In addition, Ruizpaz may raise constitutional issues during appellate proceedings in state court, meeting the third *Younger* factor regardless of whether he availed himself of the opportunity in the instant case. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019). Finally, as to the fourth factor, it is clear that any relief granted by this Court on Ruizpaz's pending claims, which include claims of ineffective assistance of trial and appellate counsel, insufficient evidence, and an equal protection challenge to California Penal Code section 3051(h), would effectively enjoin the state proceedings. *See Sprint*, 571 U.S. at 72–73. Abstention under the ratione of *Younger* accordingly is in order.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion and **DISMISSES** the petition without prejudice to Ruizpaz refiling after his criminal proceedings conclude.

1   The Clerk shall terminate all pending motions as moot and close the file.
2   **IT IS SO ORDERED.**
3   Dated: April 24, 2025

_____
Noël Wise
United States District Judge